IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr-012-MEF |
| | ) | (WO) |
| GREGORY LEWIS DAVIS | ) | |

## **O R D E R**

On September 26, 2008, the defendant filed an Unopposed Motion to Continue Trial (Doc. #72) and by order of the Court dated October 1, 2008 (Doc. #73) the court denied the motion to continue. A status conference initiated by counsel for both the government and the defendant was held by the court on October 2, 2008. While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

During the status conference held by the court on October 2, 2008, counsel for the defendant stated that he was unprepared to try this case on October 20, 2008. Defense counsel further informed the court that a family member has a medical emergency which

requires surgery is scheduled for the week of the October 20 criminal term of court. This court frowns on the fact that this case is in need of a continuance and notes, for the record, that defendant stands charged with a felony offense brought by indictment on January 17, 2007. If convicted, the defendant could be exposed to the Armed Career Criminal Statute, 18 U.S.C. Sec. 924(e)(1). Nonetheless, this court reluctantly agrees that this case cannot be ready for trial during the October 20, 2008 term of court. Counsel for both the government and the defendant are cautioned that this case will not be continued again. If counsel for the defendant does not feel that he can continue to adequately represent the defendant, he is ORDERED to file a motion to withdraw as soon as possible.

Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That this Court's Order (Doc. #73) dated October 1, 2008 is VACATED.

2. That the defendant's motion filed on September 26, 2008 is GRANTED;

3. That the trial of this case is continued from the October 20, 2008 trial term to the December 1, 2008 trial term in Montgomery, Alabama.

4. That the Magistrate Judge conduct a pretrial conference prior to the December 1, 2008 trial term.

DONE this the 7th day of October, 2008.

                                                /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE